# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN DOOLEY KENT, in his capacity as Receiver for Broad Reach Capital, LP, Broad Reach Partners, LLC, Bristol Advisors, LLC, TA1, LLC, Investment Consulting LLC, and Prico Market LLC<br><br>**Plaintiff,**<br><br>v.<br><br>JEFFREY BYDALEK and CREDIT THE AMERICAS LP and FX ALGO LLC and HURRICANE HOLDINGS, INC. and M3 MEDIA GROUP, INC.,<br><br>**Defendants.** | Civil Action<br><br>No. 2:22-cv-01811<br><br>Motion Day: Feb. 6, 2023 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF RECEIVER KEVIN DOOLEY KENT TO APPROVE A SETTLEMENT RESOLVING THE RECEIVER'S CLAIMS AGAINST DEFENDANTS

Robin S. Weiss, Esq.
Conrad O'Brien PC
1500 Market Street, Suite 3900
Centre Square, West Tower
Philadelphia, PA 19102
Phone: (215) 864-9600
Facsimile: (215) 523-9714
E-mail: rweiss@conradobrien.com

Robert N. Feltoon, Esq.
Conrad O'Brien PC
1500 Market Street, Suite 3900
Centre Square, West Tower
Philadelphia, PA 19102
Phone: (215) 864-8064
Facsimile: (215) 864-0064
E-mail: rfeltoon@conradobrien.com

Date: 1/9/2023

Pursuant to the Court's Order Appointing Receiver dated June 29, 2020 ("Receivership Order") and the Orders Approving the Receiver's Second and Third Motions For Permission to Initiate Litigation on Behalf of the Receivership Estate dated January 27, 2022 and February 22, 2022, all of which were issued in the case of *SEC v. Smith, et al.*, C.A. No. 2:19-cv-17213 (MCA) (the "SEC v. Smith Matter"), the Receiver, Kevin Dooley Kent ("Receiver"), hereby moves this Court for an order approving a settlement resolving the Receiver's claims against Defendants Jeffrey Bydalek, Credit the Americas, LP, FX Algo, LLC, Hurricane Holdings, Inc., and M3 Media Group, Inc. (collectively, "Bydalek Defendants").

## I.   STATEMENT OF FACTS

The Receivership Order in the SEC v. Smith Matter appointed the Receiver to assume control of, marshal, pursue, and preserve the Receivership Assets. (SEC v. Smith Matter, ECF No. 22.) The Receivership Assets include, *inter alia*, assets of the "Defendants" and "Affiliated Entities," as those terms are defined in the Receivership Order, that (1) are attributable to assets derived from investors or clients of Defendants; (2) are held in constructive trust for the Defendants; (3) were fraudulently transferred by the Defendants; and/or (4) may otherwise be included as assets of the estates of the Defendant or Affiliated Entities (collectively, "Receivership Assets"). Receivership Order, Whereas Clause 3.

On January 27, 2022, the Court approved the Receiver's Second Motion for Permission to Initiate Litigation on Behalf of Receivership Estate, which authorized the Receiver to pursue claims against various individuals and entities, including Jeffrey Bydalek. (SEC v. Smith Matter, ECF Nos. 98, 161). On February 22, 2022, the Court approved the Receiver's Third Motion for Permission to Initiate Litigation on Behalf of the Receivership Estate, which authorized the Receiver to pursue claims against various additional individuals and entities, including Hurricane Holdings, Inc., FX Algo, LLC, Credit the Americas, LP and M3 Media Group, Inc. (SEC v. Smith Matter, ECF Nos. 147, 167).

The Receiver filed a Complaint in the above-captioned case on March 31, 2022. The Receiver's Complaint asserts claims against the Bydalek Defendants in connection with, *inter alia*, their investment activity with TA1, LLC and/or Broad Reach Capital, LP and their receipt and sale of Lyft shares, which the Receiver maintains are and/or were owned by Receivership Party Prico Market LLC. Bydalek Defendants deny the vast majority of factual allegations and legal assertions made by the Receiver, including but not limited to each and every allegation of wrongdoing, and they deny all liability to the Receiver in the above-captioned lawsuit.

Bydalek Defendants previously filed a FINRA Complaint against Brenda Smith and Receivership Party CV Brokerage, Inc. asserting that Bydalek Defendants

2

suffered losses as a result of Brenda Smith's mismanagement of funds. Bydalek Defendants also submitted a creditor claim through the Receivership claims process in the SEC v. Smith Matter, asserting various claims including for claimed investment losses, indemnification, and contractually owed payments.

On or about December 19, 2022, the Receiver and Bydalek Defendants, without any admission of liability, agreed to resolve all claims between them in exchange for the return of the 5,000 shares of Lyft stock remaining in Bydalek Defendants' possession to the Receiver,[2] in addition to the payment of $1,200,000.00 to be paid by Bydalek Defendants to the Receiver according to the following schedule: $400,000 within 10 days of execution of the settlement agreement; $400,000 on or before the one-year anniversary of settlement; $200,000 on or before the two-year anniversary of settlement; and $200,000 on or before the three-year anniversary of the settlement.[3]

A more complete description of the claims, the terms of the proposed settlement, and the basis for the settlement are included in a Declaration attached hereto as Exhibit "A," which is being separately filed under seal. A copy of the executed Settlement and Release Agreement is attached hereto as Exhibit "B" and

---

[2] It is the Receiver's position that these Lyft shares were owned by Receivership Party Prico Market LLC. They were identified as a Receivership Asset in the Receivership Order.

[3] There are prepayment discounts available for any payment made at least one (1) year before the specified due date.

is also being separately filed under seal. Under the terms of the Court's Order Approving the Receiver's Second and Third Motions for Permission to Initiate Litigation on Behalf of the Receivership Estate, the undersigned counsel is entitled to attorneys' fees on a contingency fee basis as it relates to the Receiver's claims against Bydalek Defendants, the specifics of which are detailed under seal as Exhibit 2 to the Second and Third Motions of Receiver, Kevin D. Kent, Esquire, for Permission to Initiate Litigation on Behalf of the Receivership Estate. (*See* SEC v. Smith Matter, ECF No. 98, 99, 147, 148, 161, 167).

## II.    STATEMENT REGARDING BYDALEK DEFENDANTS

Prior to the filing of this lawsuit, Mr. Bydalek expressed a willingness to provide information to the Receiver and has cooperatively produced documents and other information in response to the Receiver's formal and informal requests, both before litigation commenced and during the pendency of the case. Mr. Bydalek also reports that he cooperated with federal authorities and that he, through his counsel, provided information pertaining to Ms. Smith's fraudulent scheme to the U.S. Attorney's Office for the Eastern District of Pennsylvania in February 2019, that supporting documents and materials were also provided to the DOJ, FBI and SEC in March 2019, and that he attended a May 2019 meeting with representatives from the SEC, the U.S. Attorney's Office, and the FBI. He further maintains that he also provided this information to FINRA.

The Receiver has no personal knowledge regarding Mr. Bydalek's claims of cooperation with federal authorities, and had not yet been appointed at the time this purported cooperation was provided. The Receiver has agreed to recite the preceding paragraph as part of the negotiations leading to this Agreement; however, by doing so, the Receiver is not agreeing with or otherwise confirming the accuracy of Mr. Bydalek's claims of cooperation with and assistance to federal authorities. The Receiver does not have authority to speak on behalf of the SEC, the DOJ, the U.S. Attorney's Office, the FBI, or FINRA, and the inclusion of the preceding paragraph should not be interpreted as a recognition or acknowledgement of any claimed cooperation or assistance by Mr. Bydalek on behalf of those authorities.

## III. ARGUMENT

For the reasons set forth in the Declaration attached as Exhibit "A," the Receiver submits that the proposed settlement is a fair and equitable resolution and is in the best interest of the Receivership Estate. Accordingly, the Receiver respectfully requests that the Court approve the proposed settlement.

Counsel for the Securities and Exchange Commission have advised that they do not oppose this Motion. Counsel for Defendants have likewise advised that they do not oppose this Motion.[4]

---

[4] Defendants' lack of opposition should not be construed as an agreement with the contents of the Receiver's Declaration attached as Exhibit "A," which Defendants have not had the opportunity to review in full.

## IV. CONCLUSION

In light of the foregoing, the Receiver respectfully requests that this Court enter the attached Order approving the settlement resolving the Receiver's claims against Bydalek Defendants and the Bydalek Defendants' claims against the Receivership Estate.

                                          Respectfully Submitted,

                                          *s/ Robin S. Weiss*
                                          Robert N. Feltoon (N.J. ID. 012391996)
                                          Robin S. Weiss (N.J. ID. 018182011)
                                          Conrad O'Brien PC
                                          1500 Market Street, Suite 3900
                                          Centre Square, West Tower
                                          Philadelphia, PA 19102
                                          Phone: 215-864-9600
                                          Fax: 215-523-9714
                                          rweiss@conradobrien.com
                                          *Attorney for Receiver, Kevin Dooley Kent*

Date: 1/9/2023